[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff and Defendant were married on June 29, 1963 in New Britain, Connecticut. The parties have been continuous residents of the State of Connecticut since 1964. The marriage of the parties has broken down irretrievably. No minor children are issue of the marriage and neither party has been the recipient of state or municipal public assistance.
The parties are both 56 years of age and are graduates of the Hartford Art School. The Zitos married after Art School and studied art in Italy for a year. They returned to CT Page 3784 Connecticut and had children; two sons and a daughter. The parties described a very close relationship and family life up through 1986.
The Plaintiff by agreement of the parties was a homemaker for most of the marriage. She eventually obtained employment in a Montessori school. She is now a trained Montessori teacher, and is so employed.
The Defendant is a talented sculptor who has a history of earnings as an artist, but was primarily employed in a family monument business.
The parties by joint agreement lived a somewhat unconventional lifestyle during the course of their marriage. The parties built their home on eighteen acres (gifted by Defendant's father) and lived primarily off the land. They lived as vegetarians, with gardens and farm animals. They heated their home only with a wood burning stove until 1990.
The Defendant has a degenerative eye condition which has impaired his vision for many years. He has been severely limited in his vision since 1986. He is certified as blind by the State of Connecticut and is about to commence receiving Social Security Disability benefits.
The Defendant received an inheritance from his father's estate in 1989. The inheritance included a two family home, located at 156-158 Newbury Street, Hartford; a commercial building located at 197-203 New Britain Avenue, Hartford; the monument business, Beij, Williams Zito, Inc. and a debt from the business. In addition stocks and cash of approximately $100,000 in value were inherited by the Defendant.
Defendant's position is that the inherited property is marital property; but it is property for which the contribution is solely attributable to him.
The court values the property as follows. Marital home 54 Newgate Road, East Granby $260,000 (stipulate value); 156-158 Newbury Street, Hartford $97,500 (stipulated value); 197-203 New Britain Avenue $200,000; Beij, Williams Zito $40,000 (the value of the 80% share owned by the parties 77% Defendant, 3% Plaintiff); approximately $100,000 in bank and stock and investment accounts and $80,100 for the value of the CT Page 3785 debt from the business to the Defendant.
The Court attributes to the Plaintiff an employment income equivalent to the approximately $24,000 annually which is available to the Defendant from his combined Social Security benefits and allowable earnings. The Defendant's vision impairment precludes a greater earning capacity. The $24,000 is only slightly less than the amount he was earning through his employment.
The Court divides the assets in the following manner. The Plaintiff is awarded the marital home at 54 Newgate Road, East Granby, and the Bank of Boston and Smith Barney IRA accounts listed on her financial affidavit of February 12, 1996.
The Defendant is awarded the two family house at 156-158 Newbury Street, Hartford; 197-203 New Britain Avenue, Hartford; the 80% interest in Beij, Williams Zito Inc.; the limited partnerships and bank accounts set forth on his affidavit of February 12, 1996; and the loan from Beij, Williams Zito.
In addition the Plaintiff is to receive from the Defendant $250 a week for three years as her share of the debt owed to Defendant from the business. There is no alimony awarded to either party.
The parties spent an inordinate amount of times alleging and defending fault allegations. In a marriage of this length, 32-1/2 years, primary fault is extremely difficult to ascertain. The court makes no fault finding as to either party.
Plaintiff also has sought to find the Defendant in contempt for an alleged failure to comply with discovery orders. The court found no contempt on Defendant's part. Defendant directed his accountant to share business records and provided the documents that he retained.
The Defendant's assets were fairly represented in his initial financial affidavits and Plaintiff's counsel has failed to discover additional assets or any material misrepresentation as to his assets.
The Court's property distribution of assets results in CT Page 3786 plaintiff's receipt of a total of approximately one-third of the combined assets, the great majority of which were received in 1989 through Defendant's father's estate. Plaintiff will receive the bulk of the marital assets acquired during the marriage. Other than the marital home, a very small amount of stocks, dividends and interest from 1990 forward; nearly all other assets were inherited by the Defendant.
The Plaintiff and Defendant both seek orders requiring the payment of their counsel fees. The Court will not award fees in this case. The Plaintiff has raised and paid $18,000 to date in counsel fees. Such sum is more than adequate to prosecute a case involving an estate of this size; no minor children; no issue over occupancy of the marital home, and an initial accurate disclosure of the marital estate. The Court will not use its powers to order or enforce fees which are disproportionate to the issues involved and results reasonably obtainable.
The Defendant by cross-complaining a fault claim; unnecessarily prolonged the litigation and failed to establish a fault ground. Defendant's claims for counsel fees are denied.
The specific financial orders are recapitulated as follows:
1. Mr. Zito will retain his interest in 156-158 Newbury Street, Hartford.
2. Mr. Zito will retain his interest in 193-203 New Britain Avenue, Hartford.
3. Within 30 days of the date of this Judgment, Mr. Zito will quit claim to Mrs. Zito his interest in 54 Newgate Road, East Granby. Simultaneous with said transfer Mr. Zito will pay $2,500 to the town of East Granby towards the tax liability for such property. The outstanding balance of the tax liability for such property will be the obligation of Mrs. Zito, who will hold Mr. Zito harmless as to such obligation.
4. Mr. Zito will retain his interest and shares in Beij, Williams Zito, Inc. Within thirty days of the date of this Judgment, Mrs. Zito will transfer her shares and interest in Beij, Williams Zito, Inc. as well as her interest in any CT Page 3787 loans to Beij, Williams, Zito, Inc. to Mr. Zito.
5. Mr. Zito will retain his interests in the Smith Barney accounts of numbers 362-62839-19080 and 362-62766-17-025, 362-45183-16-025, and 362-13077-13-0800. Within thirty days of the date of this Judgment Mrs. Zito will transfer and assign to Mr. Zito any interest she may have in any of said accounts.
6. Mr. Zito will retain his interest in any limited partnerships he owns.
7. Mrs. Zito will retain her interest in her Smith Barney accounts; numbered 362-62770-10-025 and 362-62842-14-080.
8. Mr. Zito will retain his interest in his Fleet and People's Bank accounts. Mrs. Zito will retain her interest in her Bank of Boston bank accounts.
9. Mr. Zito will retain his interest in his life insurance policies.
10. Within thirty days of the date of this Judgment Mr. Zito will as an officer of Beij, Williams Zito, Inc. transfer to Mrs. Zito title to the 1989 Honda automobile. Mr. Zito shall also within thirty days remove from 54 Newgate Road, East Granby all automobiles or vehicles owned by him or Beij, Williams Zito, Inc.
11. Mr. Zito will continue through Beij, Williams 
Zito, Inc. and COBRA legislation; medical insurance for Mrs. Zito for a period of three years, with no cost to Mrs. Zito.
12. Mrs. Zito will retain the personal property at 54 Newgate Road, East Granby, except for the following items which Mr. Zito will remove within thirty days:
staging and tools related to the monument business;
Mr. Zito's books;
marble table under grape arbor;
Mr. Zito's childhood items; CT Page 3788
large floor easel;
barbells;
outdoor brownstone sculpture;
Mr. Zito's art equipment and supplies;
Mr. Zito's mother's set of dishes;
lamp fixture from funeral home;
bureau (gift from Mr. Zito's mother);
table from Mr. Zito's parents home;
Mr. Zito's paintings and sculptures.
Mr. Zito within thirty days will return to Mrs. Zito Spodeware plates.
13. Mr. Zito will pay to Mrs. Zito $250 per week for a period of three years from the date of this Judgment; representing her interest in the debt from Beij, Williams 
Zito, Inc. to Mr. Zito.
14. No alimony is awarded to either party.
15. Plaintiff will retain her IRAs and bank accounts set forth on her financial affidavit.
The marriage is ordered dissolved.
McWeeny, J.